## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.     No. CR 12-0944 RB

SOPHIA MONIQUE ZAYAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Ms. Zayas's Amended Sentencing Memorandum, filed on September 5, 2018. (Doc. 248.) The Court held a hearing on September 27, 2018. (*See* Doc. 252.) The primary issue is whether the Court has discretion to impose a sentence above the "basic sentence" of 18 years imprisonment provided for in N.M. Stat. Ann. § 31-18-15. Having considered the arguments and relevant law, the Court finds that it does *not* have discretion to consider aggravating factors to impose a sentence higher than 18 years. After careful consideration of the factors in 18 U.S.C. § 3553 and various mitigating factors pursuant to N.M. Stat. Ann. § 31-18-15.1(A), the Court will impose a sentence of 15 years.

**I.     Background**

"On October 22, 2007, Annalicia Zayas, Ms. Zayas's daughter, died just two months after she was born." (Doc. 201 at 1 (citation omitted).) "Annalicia's autopsy showed she suffered multiple skull fractures, hemorrhages, and scalp contusions two to three hours before she died." (*Id.* (citation omitted); *see also* Doc. 236 (PSR) at 4–5.) There were, in addition, multiple other injuries, all in various stages of healing, that Annalicia had sustained throughout her short life. (Doc. 201 at 1–2; *see also* Doc. 223-5; PSR at 4–5.)

Ms. Zayas pleaded guilty to Negligent Child Abuse resulting in great bodily harm, and aiding and abetting the same, in violation of N.M. Stat. Ann. §§ 30-6-1(D)(1), (D)(2), and (E), pursuant to the Assimilative Crimes Act (ACA), 18 U.S.C. § 13(a). (*See* Doc. 150.) The ACA "fills in gaps in federal criminal law by" borrowing from state law to punish offenses committed on federal enclaves. *See United States v. Chapman*, 839 F.3d 1232, 1241 (10th Cir. 2016) (quoting *United States v. Garcia*, 893 F.2d 250, 253 (10th Cir. 1989) (internal citations omitted)). The ACA mandates that a federal court must impose a punishment "like" that an offender would have received under state law. *See* 18 U.S.C. 13(a). Thus, Ms. Zayas, who lived on Holloman Air Force Base at the time she committed the crimes, is subject to federal prosecution under the applicable state statutes.

## II. State Sentencing Statutes

The parties agree that there are two relevant state statutes in play. First, section 31-18-15 defines the "basic sentence" for a person convicted of a noncapital, first degree felony as 18 years imprisonment. *See* N.M. Stat. Ann. § 31-18-15(A)(3). Second, section 31-18-15.1 allows the sentencing court to "alter the basic sentence" by up to one-third, which in this case sets a possible range of 12–24 years. *See* N.M. Stat. Ann. § 31-18-15.1(G).

This second statute also outlines the procedure state courts must use when departing from the basic sentence within that range, as well as an offender's constitutional protections. *See* §§ 31-18-15.1(A)–(F). Specifically, state courts must find beyond a reasonable doubt (either by judge or jury) "any aggravating circumstances surrounding the offense or concerning the offender" that the sentencing court will use to impose an increase above the basic sentence. *See* §§ 31-18-15.1(A) & (A)(2). Additionally, the state must give an offender a minimum of five days' "notice that it intends to seek an increase to . . . [the] basic sentence based upon

aggravating circumstances. The notice shall state the aggravating circumstances upon which the sentence increase is sought." § 31-18-15.1(D).

## III. Discussion

It is these two statutory protections that Ms. Zayas asserts in her Sentencing Memorandum. She argues: (1) the Government has not provided notice that it intends to seek an increase above the "basic sentence" based on aggravating circumstances, thus, the Court may not impose a sentence over 18 years; and (2) if the Court were inclined to impose a sentence over 18 years, the state must first prove any aggravating factors beyond a reasonable doubt. (*See* Doc. 248 at 2–4.) Ultimately, Ms. Zayas contends that the "sentencing range" in this case is 12–18 years, not 12–24 years, because of the Government's failure to provide notice that it seeks an increase to the basic sentence based on identified aggravating factors. (*See id.* at 4.)

### A. Section 31-18-15.1 does not create a "sentencing range" analogous to those found in the federal sentencing guidelines.

The Government contends that the ACA's requirement that the Court impose a "like" punishment only extends to the relevant state statutory sentencing range defined by sections 31-18-15 and 31-18-15.1. (Doc. 251 at 4.) Thus, the Government argues the Court need not employ the state sentencing act procedures and may disregard section 31-18-15.1's requirements of notice and the reasonable doubt standard New Mexico courts must use to alter a basic sentence based on aggravating factors. (*See id.*) The Government relies primarily on two cases: *United States v. Garcia*, 893 F.2d 250 (10th Cir. 1989) and *United States v. Peebles*, 375 F. App'x 288 (4th Cir. 2010).

In *Garcia*, the Tenth Circuit held that the federal "sentencing guidelines apply to assimilative crimes, but . . . the sentence imposed may not exceed any maximum sentence and may not fall below any mandatory minimum sentence that is required under the law of the state

in which the crimes occur." 893 F.2d at 251–52. In rendering its decision, the court stated that "[e]fforts to duplicate every last nuance of the sentence that would be imposed in state court has never been required." *Id.* at 254. "For example, federal courts need not follow state parole policies, including provisions for good time credits." *Id.* (citations omitted). Thus, the Tenth Circuit held, federal courts must "impose sentences for assimilative crimes that fall within the maximum and minimum terms established by state law[,]" keeping in mind that "within the range of discretion permitted to a state judge, a federal judge should apply the federal sentencing guidelines to the extent possible." *Id.* In *Garcia*, the court specifically looked at a "basic sentence" for involuntary manslaughter as defined in section 31-18-15(A), and the state Criminal Sentencing Act's (CSA) authorization for sentencing courts to alter the basic sentence based on mitigating or aggravating circumstances pursuant to section 31-18-15.1(A). *See id.* at 255. Specifically, the "basic sentence" set in section 31-18-15 was 18 months, with a "range" of 12–24 months under section 31-18-15.1.[1] *See id.* The federal judge sentenced the defendant to 18 months, and the Tenth Circuit stated that the "sentence [was] clearly within the range permitted under New Mexico law . . . ." *Id.* The Government argues that the Tenth Circuit, by noting that the sentence was "within the range permitted," approved of using section 31.18.15.1 to set a "sentencing range" of 12–24 months. (*See* Doc. 251 at 5.)

There are two fatal flaws in the Government's conclusion. First, the Tenth Circuit did not specifically consider whether section 31-18-15.1 creates a "sentencing range" analogous to those in the federal sentencing guidelines. Second, the language the Government quotes—that the federal judge must apply the guidelines "within the range of discretion permitted to a state

---

[1] The Tenth Circuit also noted that under the federal guidelines, the sentence for a similar crime would range from 15–46 months, "depending on various aggravating and mitigating factors." *Garcia*, 893 F.2d at 255.

4

judge"—is determinative in this case. (*See* Doc. 251 at 5 (quoting *Garcia*, 893 F.2d at 254).) As the Court explains in Section III(B) below, the state statutory sentencing scheme does not automatically grant discretion to the sentencing judge to impose a sentence over 18 years.

In *Peebles*, the defendant was prosecuted under the ACA and pled guilty to "aggravated speeding to elude arrest," an offense which, under state law, is defined as a Class H felony. *See* 375 F. App'x at 289–90. Pursuant to the North Carolina sentencing statutes, state "courts have authority to sentence only within a particular range determined by three variables: (1) the class of the offense, (2) the offender's prior record level, and (3) whether the sentence should be aggravated or mitigated beyond the ordinary or 'presumptive' sentence." *Id.* at 290 (citation omitted). The state "government must prove aggravating factors beyond a reasonable doubt." *Id.* at 291.

The government conceded that under the variables as provided for in the state statute, "the highest sentence Peebles could have received under North Carolina law would have been eight months." *Id.* (citation omitted). The sentencing court imposed a sentence, however, of 12 months and one day, which is within the range of the maximum sentence that *anyone*—not just *this* offender with this particular prior record level—could receive under the state statute. *See id.* The Fourth Circuit reversed and held that "'like punishment' under the ACA means that 'one who commits an act illegal under state law but not prohibited by federal law in an area of federal jurisdiction may be sentenced *only in the way and to the extent that the person* could have been sentenced in state court.'" *Id.* (quoting *United States v. Pierce*, 75 F.3d 173, 176 (4th Cir. 1996) (internal quotations omitted)).

The United States relies on the dissent's opinion in *Peebles* (Doc. 251 at 7), which states that the ruling "requir[es] federal courts to apply state sentencing guidelines to individual

5

defendants. The ACA requires only 'like'—not 'identical'—punishment." 375 F. App'x at 293 (Wilkinson, J., dissenting). The dissent cites to the Tenth Circuit's decision in *Garcia* in support. *See id.* at 296 (citing *Garcia* for the proposition that "federal—rather than state—sentencing procedures apply when calculating individual ACA sentences") (gathering cases). Again, though, the *Garcia* court did not explicitly consider the issue of whether section 31-18-15.1 created a sentencing range within which a court was free to exercise discretion to impose a sentence. As explained below, the New Mexico Supreme Court has clearly said that state court sentencing judges do not automatically have such discretion.

> **B. The Court will impose a sentence within the range of discretion permitted to a state judge.**

Ms. Zayas primarily relies on the relevant statutory language to support her argument. (*See* Doc. 248.) First, she notes that "[t]he ACA's language expressly requires that a federal offender receive a punishment 'like' that available under state law for the same offense." *See Chapman*, 839 F.3d at 1241 (citing 18 U.S.C. § 13(a)). (*See also* Doc. 248 at 1.) "In light of that, federal circuits have unanimously concluded that state statutes set the maximum and minimum range of imprisonment available for an ACA offense." *Id.* (citing *United States v. Martinez*, 274 F.3d 897, 906 & n.12 (5th Cir. 2001) (citing, *e.g.*, *Garcia*, 893 F.2d at 254)).

Second, Ms. Zayas argues that in order to impose a sentence "like" that available under New Mexico law, the Court must comply with all provisions found in section 31-18-15.1, including those outlining the necessary notice and burden of proof to find aggravating circumstances. (*See* Doc. 248 at 3–4 (discussing §§ 31-18-15.1(A)–(B), (D)).) Ms. Zayas contends that the history of the state sentencing act bolsters her position. (*See id.* at 3.)

New Mexico adopted a discretionary sentencing scheme in 1977, when it passed the CSA. *See New Mexico v. Frawley*, 172 P.3d 144, 147 (N.M. 2007)[2] (citing 1977 N.M. Laws, ch. 216 §§ 1–19). The 1977 version of the CSA "established ranges of imprisonment and required the judge to impose a 'basic sentence' of a 'definite term' within that range." *Id.* at 147–48 (citing 1977 N.M. Laws, ch. 216 § 4). "In exercising this discretion, a judge could consider any facts he or she deemed relevant—including those not presented to the jury." *Id.* at 148 (citation omitted). The New Mexico Supreme Court found that, as it was enacted in 1977, "the CSA posed no Sixth Amendment problem since the judge's discretion to establish the basic sentence was authorized solely by a jury verdict or plea." *Id.*

"In 1979, the Legislature amended portions of the CSA[,]" which "changed the way in which the basic sentence is determined. Instead of the judge exercising discretion to choose a basic sentence from a given range, the basic sentence for each degree of felony is now set at an exact amount." *Id.* (citing § 31-18-15(A)). In *Frawley*, the defendant was convicted of two third-degree felonies. *See id.* at 146. The *Frawley* court noted that before the 1979 amendments, the sentencing judge would have been able to "choose a basic sentence anywhere from two to ten years imprisonment for a third-degree felony," but after the amendments, the "judge is now *required* to impose a basic sentence of three years imprisonment—no more, no less." *Id.* at 148. Section 31-18-15.1, which was added as part of the 1979 amendments, "allowed the sentencing judge to alter the basic sentence upward or downward by one-third 'upon a finding by the judge

---

[2] Notably, the Tenth Circuit decided *Garcia* in 1989, well before the New Mexico Supreme Court's thoughtful historical analysis in *Frawley*, and before *Apprendi* and the cases that led to *Frawley* and the amendment of § 31-18-15.1.

7

of any mitigating or aggravating circumstances surrounding the offense or concerning the offender.'"[3] *Id.* (quoting § 31-18-15.1(A)).

The *Frawley* court examined the history of decisions relevant to section 31-18-15.1 in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny. *Id.* at 148–49. In 2001, the New Mexico Court of Appeals distinguished section 31-18-15.1 from the sentencing scheme in *Apprendi* "on the grounds that [the New Mexico] scheme does not (1) enumerate specific factors that must be found or (2) set specific presumptive ranges for its 'basic sentence' that a judge is later allowed to exceed." *Id.* (discussing *New Mexico v. Wilson*, 24 P.3d 351, 355, 358 (N.M. Ct. App. 2001), *abrogated by Cunningham v. California*, 549 U.S. 270 (2007)). In other words, the *Wilson* court "conclude[d] that the Legislature intended that Sections 31-18-15 and 31-18-15.1 created a range of sentences within which a court may exercise discretion as long as the discretion is supported by the statement of reasons on the record." *Wilson*, 24 P.3d at 355. Moreover, "the findings required by Section 31-18-15.1 appear more like sentencing factors than elements of a crime."[4] *Id.*

The United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), after the New Mexico Court of Appeals' decision in *Wilson*. In *Blakely*, "Washington law provided that second-degree kidnaping was a class B felony and that no person convicted of a class B felony could be imprisoned for more than ten years." *Frawley*, 172 P.3d at 149 (citing *Blakely*, 542 U.S. at 299). A second "sentencing provision tempered the first statute by providing that, considering the defendant's criminal history and his particular offense of second-degree

---

[3] At the time the New Mexico Supreme Court decided *Frawley*, § 31-18-15.1(A) did not contain the language that is present today—that the aggravating circumstances must be proven beyond a reasonable doubt.

[4] It appears that the *Wilson* court's (incorrect) reading of the New Mexico sentencing scheme is virtually identical to the reading advocated for by the United States here.

8

kidnaping with a firearm, the 'standard range' of imprisonment was to be 49 to 53 months." *Id.* (citing *Blakely*, 542 U.S. at 299). The state sentencing scheme "further provided that a judge could deviate upward from the 'standard range' only upon finding 'substantial and compelling reasons justifying an exceptional sentence.'" *Id.* (citing *Blakely*, 542 U.S. at 299 (internal quotation omitted)). The statute provided a list of illustrative, but not exhaustive, aggravating factors. *Id.* (citing *Blakely*, 542 U.S. at 299).

The sentencing court found "that the defendant had acted with 'deliberate cruelty' in committing his offense" and sentenced him "to 90 months–37 months greater than the 'standard maximum,' but still within the maximum of 120 months provided for a class B felony." *Id.* (quoting *Blakely*, 542 U.S. at 300). The Supreme Court found that the relevant "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id.* (quoting *Blakely*, 542 U.S. at 303 (internal citations omitted)). "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 542 U.S. at 303–04.

Finally, in *Cunningham*, the United States Supreme Court "held that allowing a judge to impose an 'upper term' sentence on a finding of aggravating circumstances was unconstitutional because it bypassed the jury's role as factfinder." *Frawley*, 172 P.3d at 152 (citing 549 U.S. at 274). The *Cunningham* Court soundly rejected a California sentencing scheme that resembled New Mexico's, which required the sentencing judge "to sentence a defendant to a precise 'middle term, unless there [were] circumstances in aggravation or mitigation of the crime,' in which the judge could impose an upper or lower term." *Id.* (discussing *California v. Black*, 113 P.3d 534, 538 (Cal. 2005), *abrogated by Cunningham*, 549 U.S. at 293). The *Frawley* court

found that the *Cunningham* decision directly impacted the New Mexico sentencing scheme, *see id.*, because under section 31-18-15, the "basic sentence of imprisonment *shall be imposed* . . . unless the court alters the sentence pursuant to" section 31-18-15.1. *See* § 31-18-15(B) (emphasis added). "The only relevant factors [the New Mexico] Legislature took into account in establishing the basic sentence were the basic elements for each felony." *Frawley*, 172 P.3d at 152 (citation omitted). "A sentencing judge may exercise discretion to increase the basic sentence only after the judge finds aggravating circumstances." *Id.* at 152–53 (citing § 31-18-15.1(A)). "And, notwithstanding the broad statutory language implying that a judge in New Mexico may alter a sentence upward in *any* case, the actual fact is that a judge's discretion to do so is quite limited[,]" because under section 31-18-15(B), "it is the *State's* discretion, rather than the judge's, that must be exercised before a sentence may be aggravated." *Id.* Further, "once a sentencing judge in New Mexico is asked by the State to exercise discretion to increase a basic sentence, the aggravation cannot be based on 'elements of either the offense for which the defendant was sentenced or a separate, but contemporaneous, conviction . . . .'" *Id.* (quoting *Swafford v. New Mexico*, 810 P.2d 1223, 1236 (N.M. 1991) (holding that "the elements of the offense are ipso facto incorporated by the legislature into the base level sentencing for the offense")). "To permit consideration of" an element of the offense "as an aggravating factor justifying an upward departure in sentencing . . . would be repetitive of the punishment the legislature has established . . . ." *Swafford*, 810 P.2d at 1236.

Thus, the New Mexico Court of Appeals' earlier decision in *Wilson*, finding that section "31-18-15.1 created a range of sentences within which a court may exercise discretion[,]" was overruled. *See Wilson*, 24 P.3d at 355; *Frawley*, 172 P.3d at 156. A New Mexico state sentencing judge's discretion is limited by the requirements in section 31-18-15.1.

The Tenth Circuit has stated that the ACA requires "federal courts 'to provide a method of punishing a crime committed on government reservations *in the way* and *to the extent* that it would have been punishable if committed within the surrounding jurisdiction.'" *United States v. Christie*, 717 F.3d 1156, 1171 (10th Cir. 2013) (quoting *United States v. Sain*, 795 F.2d 888, 890 (10th Cir. 1986) (internal citation omitted)). In *Christie*, the defendant was convicted of second-degree murder (under federal law) and negligent child abuse not resulting in death (under state law). 717 F.3d at 1170. The district court dismissed two other state homicide charges after trial, noting that New Mexico law "does not permit more than one homicide conviction per death and, in this case, Ms. Christie already stood convicted for second-degree murder." *Id.* The government appealed, and the Tenth Circuit affirmed the court's decision, finding that if the defendant had "been tried in state court, there's no question a state court would have dismissed the latter two charges after trial. The only way the district court could obey the ACA's textual 'like punishment' directive was to do the same." *Id.* Citing *Garcia*, the *Christie* court stated that "[t]his circuit and others have unanimously interpreted the ACA's 'like punishment' mandate to require federal sentencing courts to abide any maximum and minimum prison terms proscribed by state law for an assimilated crime." *Id.* at 1171. "When the maximum punishment a state court can impose for a conviction is 'nothing,' it follows that the same must hold true in a federal ACA proceeding." *Id.*

Likewise, when the maximum punishment a state court may impose on Ms. Zayas is 18 years, the same holds true for this Court. Because the Government views the sentence limits set in section 31-18-15.1 as a "sentencing range," it argues that *Apprendi* and its progeny do not apply, as they only come into play when a court imposes a sentence *beyond* the sentencing range provided in the guidelines. (Doc. 251 at 3–4.) But *Frawley* makes clear that, were Ms. Zayas in

11

state court and the state had not provided the requisite notice, a sentencing judge would be "*required* to impose a basic sentence of [18] years imprisonment—no more, no less." *See Frawley*, 172 P.3d at 148. Just as in state court, this Court is unable to sentence Ms. Zayas over 18 years without proper notice from the Government and finding aggravating factors beyond a reasonable doubt. *See Frawley*, 172 P.3d at 152–53 (noting that "[a] sentencing judge *may exercise discretion* to increase the basic sentence *only after the judge finds aggravating circumstances*") (emphasis added) (citing § 31-18-15.1(A)).

## IV. Conclusion

Authority from the New Mexico Supreme Court supports Ms. Zayas's contention that a sentencing court may not impose a sentence over the "basic sentence" in section 31-18-15 without notice and proof beyond a reasonable doubt of any aggravating factors pursuant to section 31-18-15.1. The Government has not provided the required notice.

The United States argued at the hearing that its submission of facts in the Plea Agreement complies with the notice requirement under § 31-18-15.1. The relevant statutory language, however, provides that the Government must provide notice and "shall state the aggravating circumstances upon which the sentence increase is sought." § 31-18-15.1(D). The Court finds that the summary of the facts in the Plea Agreement does not constitute sufficient notice; thus, the Court did not consider any aggravating factors in calculating Ms. Zayas's sentence.[5] Instead,

---

[5] Interestingly, this issue was raised in an earlier criminal case from the District of New Mexico: *United States v. Young*, 03-CR-1225 MCA. There, the defendant "was sentenced for the assimilative crime of residential burglary, in violation of 18 U.S.C. §§ 152 and 13 and N.M. Stat. Ann. § 30-16-3 (1978)." *Young v. United States*, Appellant's Supplemental Brief, 2005 WL 6408137. Without notice or a finding of aggravating circumstances beyond a reasonable doubt, "[t]he district court departed upward to the maximum authorized by state law under" § 31-18-15.1. *Id.* The defendant failed to raise the issue to the district court, but appealed to the Tenth Circuit on the basis of *Frawley* and *Blakely*. *See id.* The Tenth Circuit never had opportunity to rule on the issue, however, as the United States "filed an unopposed motion for summary disposition in" the defendant's sentencing appeal and asked the Tenth Circuit to

the Court has considered various mitigating factors and the factors in 18 U.S.C. § 3553 and will impose a sentence of 15 years.

**IT IS SO ORDERED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

"vacate [the] sentence and remand for resentencing" in light of *Booker* and *Frawley*. *See United States v. Young*, 03-CR-1225, Order (10th Cir. Apr. 8, 2005).