IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | 2:12-CR-00944 |
| v. | * | |
| SOPHIA MONIQUE ZAYAS, | * | ORDER |
| Defendant. | * | |

Before the Court is the Government's Motion in Limine to admit evidence intrinsic to the crimes charged and notice of other acts pursuant to Rule 404(b), filed on May 24, 2021. (Doc. 341.) Defendant is charged in a 16-count indictment with one count of second degree murder, 14 counts of child abuse concerning her younger daughter, and one count of reckless child abuse concerning her older daughter. (Doc. 336.) The Government moves in limine for an order admitting evidence that Defendant drank while pregnant with both of her daughters. (Doc. 341.)

While Defendant's drinking while pregnant did not occur during the periods of time charged in Counts 1–15 of the Indictment, the Government argues this evidence is intrinsic to Count 16. (*See id.*) The Government asserts Defendant's drinking while pregnant with her younger child is intrinsic evidence that she neglected her older child at the same time. (*Id.* at 2.) Further, the Government argues Defendant's drinking while pregnant with her older child "is indicative of a pattern of prioritizing alcohol over her responsibilities as a parent which a jury could infer contributed to alleged neglect suffered by the child." (*Id.* at 3.) Alternatively, the Government argues Defendant's drinking while pregnant is admissible evidence of prior bad acts under Federal Rule of Evidence 404(b). (*See id.* at 5.)

"Evidence is direct or intrinsic to the crime charged if 'both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.'" *United States v. Arney*, 248 F.3d 984, 992 (10th Cir. 2001) (quoting *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir.1993)). Defendant's drinking while pregnant with her younger child is not intrinsic evidence that Defendant "caused or permitted a substantial and unjustifiable risk of serious harm to the safety or health of" her older child as reckless child abuse is defined under New Mexico Law. *See* UJI 14-612 NMRA. Further, Count 16 charges Defendant with child abuse beginning on her older child's date of birth. (*See* Doc. 336 at 9.) Defendant's drinking while pregnant with her older child before the child's birth is thus neither "part of a single [charged] criminal episode" or a "necessary preliminar[y] to the crime charged. *See Arney*, 248 F.3d at 992.

Extrinsic evidence of prior bad acts may still be admissible under Rule 404(b) so long as it is not offered "to prove the character of a person to show action in conformity therewith." Fed. R. Evid. 404(b)(1). The Tenth Circuit applies the test defined in *Huddleston vs. United States*, 485 U.S. 681, 691–92 (1988); *see also United States v. Record*, 873 F.2d 1363, 1374 (10th Cir. 1989). Under this four-part test,

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

The Court accepts the Government's assertion that the evidence is being offered to establish "Defendant prioritizing alcohol over the health and safety of her child," and "Defendant's knowledge of her drinking problem and the potential negative consequences such drinking would have on [her older child's] development," rather than any improper purpose. (Doc. 341 at 6.)

Further, the evidence is relevant to the crime of reckless child abuse. *See* Fed. R. Evid. 401. However, the Court concludes the probative value of the evidence is substantially outweighed by its potential for unfair prejudice. *See* Fed. R. Evid. 403.

Defendant's Motion to Sever Offenses, (Doc. 343), has been denied in a concurrent filing to promote judicial economy. The Government claims evidence of Defendant's drinking while pregnant is relevant only to Count 16, which was the subject of the Motion to Sever Offenses. (*See* Docs. 341; 343.) Thus, the evidence would not be admissible to prove the first 15 counts of the Fourth Superseding Indictment. (*See* Doc. 341.) Having included Count 16 in the present matter, there would be a "high risk of prejudice" if the Court "allow[ed] evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." *See United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985). Admitting evidence of Defendant's drinking during pregnancy only as to Count 16 of the Fourth Superseding Indictment risks unfair prejudice as to the first 15 counts, regarding which the evidence would otherwise be inadmissible.

**THEREFORE,**

**IT IS ORDERED** that the Government's Motion in Limine to admit evidence intrinsic to the crimes charged (Doc. 341) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE