IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | 2:12-CR-00944 |
| v. | * | |
| SOPHIA MONIQUE ZAYAS, | * | ORDER |
| Defendant. | * | |

Before the Court is Defendant's Motion to Sever Offenses, filed on May 24, 2021. (Doc. 343.) The Government filed a Response on June 1. (Doc. 358.) Defendant replied on June 7. (Doc. 394.) The matter is fully submitted.

The Government charged Defendant on May 20, 2021 with second degree murder and numerous counts of child abuse. (*See* Doc. 336.) The first fifteen counts of the Indictment concern abuse of Defendant's younger child, while the sixteenth count concerns Defendant's older child. (*See id.*) Defendant argues that the sixteenth count should be severed from the Indictment because it is not of the same or similar character as the remaining counts, nor is it based on the same transaction, or connected with parts of a common scheme or plan as required for joinder under Rule 8 of the Federal Rules of Criminal Procedure. (*See* Doc. 343.)

Rule 8's permission of joinder of counts with "the same or similar character" is "construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Janus*, 48 F.3d 1548, 1557 (10th Cir. 1995). In the instant case, all the counts in the Indictment concern alleged acts of abuse by Defendant against her two children as early as September, 2005 and continuing through a substantially overlapping period in 2007. The Court concludes Count

16 of the Fourth Superseding Indictment is of the same or similar character to the remaining counts, and joinder is proper under Rule 8.

Under Rule 14, a Court "may sever counts which are properly joined if it appears the defendant is prejudiced by their joinder." *United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993). "To prevail on a motion to sever, a defendant must demonstrate that the joinder would cause actual prejudice to [her] defense that outweighs the expense and inconvenience of separate trials." *United States v. Thomas*, 849 F.3d 906, 925–26 (10th Cir. 2017). "Neither a mere allegation that [the] defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' [of damaging evidence] is sufficient to warrant severance." *United States v. Hill*, 604 F. App'x. 759, 767 (10th Cir. 2015) (quoting *United States v. Edwards*, 69 F.3d 419, 434 (10th Cir. 1995) (alterations in original).

"When joinder of offenses is based upon their 'same or similar character,' prejudice to the defendant is more likely because the jury may use evidence of one crime to infer a criminal disposition on the part of the defendant and thus corroborate the commission of the other crime or crimes charged." *United States v. Utley*, 62 F. App'x. 833, 835–36 (10th Cir. 2003) (citing *Muniz*, 1 F.3d at 1023). Nonetheless, in *Muniz*, the Tenth Circuit held Rule 8 joinder of counts of the same or similar character does not prejudice the defendant if the counts are "separate and distinct, and the evidence presented at trial [is] not too confusing or unfairly overlapping." *Muniz*, 1 F.3d at 1023. In the instant case, Defendant acknowledges "the type of evidence presented in relation to Jane Doe 1 is of a very different nature than the evidence relating to Jane Doe 2." (Doc. 343 at 4.) The Court concludes that the charges are separate and distinct; Defendant has not shown that the actual prejudice experienced from the joinder of Count 16 outweighs the expense and inconvenience of separate trials.

2

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Sever Offenses (Doc. 343) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE