**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                No. CR 12-0944 RB

SOPHIA MONIQUE ZAYAS,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

On August 4, 2021, a jury found Defendant Sophia Zayas guilty of one count of Second-Degree Murder, one count of Intentional Child Abuse Resulting in Death, four counts of Intentional Child Abuse Resulting in Great Bodily Harm, and two counts of Intentional Child Abuse Not Resulting in Great Bodily Harm. Ms. Zayas's appeal of her sentence is currently pending before the Tenth Circuit.

Ms. Zayas now moves for a new trial and seeks an order compelling the Government to produce discovery relevant to her motion. Having considered the arguments of the parties and the relevant law, the Court will grant in part the motion for discovery, deny in part the motion for new trial, and reserve ruling on the remainder of the motion for new trial.

## I.    Background

On October 22, 2007, Annalicia Zayas, the two-month-old infant daughter of Sophia and Peter Zayas, died. (Doc. 255 at 1.) "Annalicia's autopsy showed she suffered multiple skull fractures, hemorrhages, and scalp contusions two to three hours before she died." (*Id.* (quoting Doc. 201 at 1; Doc. 236 (PSR) at 4–5).) "There were, in addition, multiple other injuries, all in various stages of healing, that Annalicia had sustained throughout her short life." (*Id.* (citing Docs. 201 at 1–2; 223-5; 236 at 4–5).)

The Court conducted a jury trial in this matter from July 26 through August 4, 2021, on the following counts:

Count 1: Second-Degree Murder in violation of 18 U.S.C. §§ 2, 7, 1111, and 3559(f)(1).

Count 2: Intentional Child Abuse Resulting in Death in violation of 18 U.S.C. §§ 2, 7 and 13, and N.M. Stat. Ann. §§ 30-6-1(D)(1)–(2) and (H), or as an alternative to Count 2,

Count 3: Reckless Child Abuse Resulting in Death in violation of 18 U.S.C. §§ 2, 7 and 13, and N.M. Stat. Ann. §§ 30-6-1(D)(1)–(2) and (F).

Counts 4, 6, 8, 10: Intentional Child Abuse Resulting in Great Bodily Harm in violation of 18 U.S.C. §§ 2, 7 and 13, and N.M. Stat. Ann. §§ 30-6-1(D)(1)–(2) and (E), or as an alternative to these counts,

Counts 5, 7, 9, 11: Reckless Child Abuse Resulting in Great Bodily Harm in violation of 18 U.S.C. §§ 2, 7 and 13, and N.M. Stat. Ann. §§ 30-6-1(D)(1)–(2) and (E).

Counts 12, 14: Intentional Child Abuse Not Resulting in Great Bodily Harm in violation of 18 U.S.C. §§ 2, 7 and 13, and N.M. Stat. Ann. §§ 30-6-1(D)(1)–(2) and (E), or as an alternative to these counts,

Counts 13, 15: Reckless Child Abuse Not Resulting in Great Bodily Harm in violation of 18 U.S.C. §§ 2, 7 and 13, and N.M. Stat. Ann. §§ 30-6-1(D)(1)–(2) and (E).

Count 16: Reckless Child Abuse of Jane Doe #2 in violation of 18 U.S.C. §§ 2, 7 and 13, and N.M. Stat. Ann. §§ 30-6-1(D)(1) and (E).

(*See* Docs. 335; 437.)

Following the presentation of the Government's case, Ms. Zayas moved for a judgment of acquittal. (Doc. 431.) The Court granted the motion as to Count 16 and denied it as to the remaining counts. (*See* Doc. 451.) The jury found Ms. Zayas guilty of Counts 1, 2, 4, 6, 8, 10, 12, and 14.

(Doc. 449.) Ms. Zayas moved for a judgment of acquittal pursuant to Rule 29 and asked for a new trial under Rule 33. (*See* Doc. 452.) The Court denied the motion. (Doc. 461.) The Court sentenced Ms. Zayas to 365 months' imprisonment. (Doc. 474.) Ms. Zayas appealed the Judgment (Doc. 476), and her appeal is currently pending before the Tenth Circuit. *See United States v. Zayas*, No. 22-2054 (10th Cir. May 3, 2022).

During the pendency of Ms. Zayas's appeal, her husband, Peter Zayas, was indicted for and pleaded guilty to the following crimes in the Southern District of Florida: Count 1: enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); Counts 2, 4: production of material containing the visual depiction of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), (e); Counts 3, 5: distribution of material containing visual depictions of sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2), (b)(1); and Count 6: possession of matter containing visual depictions of sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B). *See United States v. Zayas*, No. 23-cr-80142, Acknowledgment of Offense Elements and Stipulation as to Factual Basis for Guilty Plea, at *4 (S.D. Fla. Oct. 31, 2023).

Ms. Zayas now moves for a new trial on the basis of newly discovered evidence and moves to compel discovery related to Peter Zayas's recent convictions. (*See* Docs. 517; 522.)

## II.    The Court denies the motion for new trial as it relates to any post-trial misconduct or convictions.

Ms. Zayas argues that a new trial is warranted on the basis of Peter Zayas's recent illegal conduct and convictions. As explained below, the Court finds that Ms. Zayas fails to show that the proffered evidence is "newly discovered" for purposes of Rule 33. Further, even if the Court considered Peter Zayas's conduct or convictions as newly discovered evidence, Ms. Zayas fails to satisfy the relevant standard.

3

## A.      Legal Standard

Federal Rule of Criminal Procedure 33 allows the Court to vacate a judgment and grant a motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Tenth Circuit has opined that "[a] motion for a new trial is not regarded with favor and should only be granted with great caution." *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997) (citation omitted). When a defendant moves for a new trial based on newly discovered evidence, she ordinarily must establish:

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by [her] own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*Id.* (quoting *United States v. Stevens*, 978 F.2d 565, 570 (10th Cir. 1992)).

The Court may not grant a motion for a new trial if an appeal is pending "until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). Because Ms. Zayas moves the Court for relief while this matter is still on appeal, the Court may, pursuant to Federal Rule of Criminal Procedure 37, "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a).

## B.      Peter Zayas's post-trial conduct and convictions are not "newly discovered evidence" for purposes of Rule 33.

The Government first argues that Peter Zayas's misconduct and convictions do not qualify as "newly discovered evidence" for purposes of Rule 33, because they occurred after Ms. Zayas's trial. (*See* Doc. 520 at 4–5.) The Tenth Circuit has opined that "[a]s a general rule, 'newly

4

discovered evidence' must have been in existence at the time of trial."[1] *United States v. Abello-Silva*, 107 F.3d 22, at \*2 (10th Cir. Feb. 20, 1997) (citing *United States v. Lafayette*, 983 F.2d 1102, 1105 (D.C. Cir. 1993)); *see also United States v. Johnson*, 12 F.3d 1540, 1548 (10th Cir. 1993) (noting "that where the facts relevant to ineffective assistance are *not* known to the defendant until after trial, they may be raised on a 'newly discovered evidence' motion under Rule 33"). Other courts agree.

In *United States v. Hall*, the United States Court of Appeals for the District of Columbia Circuit examined the question at issue here: "whether 'evidence' that does not exist until after trial can be 'newly discovered evidence' under [Rule] 33(b)(1)." *United States v. Hall*, 324 F.3d 720, 723 (D.C. Cir. 2003). The Court answered in the negative. Consequently, because the defendant in *Hall* moved for a new trial on the basis of "evidence"[2] that occurred after his trial, the appellate court found that the district court erred in granting a motion for new trial pursuant to Rule 33(b)(1). *See id.* at 723–24; *see also United States v. Welch*, 160 F. Supp. 2d 830, 833 (N.D. Ohio 2001) ("Newly discovered evidence must pertain to facts which existed at the time of trial, not later events.") (citing *Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 135 (6th Cir. 1990); Moore's Federal Practice 3D Vol. 12 ¶ 60.81[4]) (subsequent citation omitted)).

Similarly, in *United States v. Lafayette*, three defendants were tried and convicted of drug trafficking offenses. 983 F.2d at 1103. Over a year after their trial, the defendants moved for discovery and sought to inspect the personnel files of several officers associated with their case. *See id.* "The alleged 'newly discovered evidence' involved separate misconduct by the individual

---

[1] The *Abello-Silva* court noted that "[e]vidence discovered after the trial is usually not admissible unless highly probative, and likely to produce an acquittal." *Id.* (citing *United States v. Stevens*, 978 F.2d 565, 569–70 (10th Cir. 1992)). As the Court explains below, the evidence of Peter Zayas's misconduct and convictions is not material to the issues at Ms. Zayas's trial.

[2] The "newly discovered evidence" at issue in *Hall* was his attorney's failure to timely file a post-trial motion. *See Hall*, 324 F.3d at 720.

officers . . . ." *Id.* at 1104. The district court denied the motions for new trials, finding that the alleged misconduct occurred after defendants' trial, was not relevant to their trial, and would not have been admissible at their trial. *See id.* at 1104–05. The United States Court of Appeals for the District of Columbia Circuit, applying factors almost identical to the *Sinclair* factors, agreed. *See id.* at 1105. The *Lafayette* court first found that the alleged officer misconduct was "not newly discovered evidence" as it was not "in existence at the time of the trial." *Id.* "Even any events occurring before trial would be of doubtful admissibility[,]" the court surmised, as Federal Rule of Evidence 608(b) "does not require or imply that every bit of evidence existing concerning a witness may be dragged into a case no matter how remote or minor the alleged misconduct." *See id.*

Finally, in *United States v. Bolden*, the defendant (Bolden), a former Secret Service agent, was convicted of, *inter alia*, soliciting a bribe from Joseph Spagnoli, a suspect in a counterfeiting investigation. 355 F.2d 453, 454–55 (7th Cir. 1965), *cert. denied*, 384 U.S. 1012 (1966). Spagnoli testified for the government at Bolden's trial. *See id.* at 455. Several months later, Spagnoli was convicted of counterfeiting. *See id.* at 461. Bolden moved for a new trial, in relevant part, on the basis that Spagnoli's conviction was "newly discovered evidence which should have been available for impeachment purposes during [Bolden's] trial to enable the jury to more accurately determine Spagnoli's credibility." *Id.* The Seventh Circuit upheld the district court's denial of the motion, finding that Spagnoli's post-trial "conviction was merely cumulative and impeaching." *See id.* Moreover, the court opined, the "conviction was not evidence that was in existence at the time of the defendant's trial and therefore did not constitute evidence upon which a new trial could be based." *Id.*

The Court finds this line of cases instructive. Peter Zayas committed these crimes after his July 1, 2022 release from federal prison—after Ms. Zayas's trial. (*See* Doc. 517 at 2.) *See also*

6

*United States v. Zayas*, No. 23-cr-80142, Acknowledgment of Offense Elements and Stipulation as to Factual Basis for Guilty Plea, at *4 (S.D. Fla. Oct. 31, 2023). Because Peter Zayas's misconduct occurred after Ms. Zayas's trial, it does not constitute "newly discovery evidence" for purposes of a motion for a new trial brought pursuant to Rule 33(b)(1), and the Court denies the motion for new trial in part on this basis.

**C.    Peter Zayas's post-trial conduct and convictions do not warrant a new trial under *Sinclair*.**

Alternatively, if the Court were to consider Peter Zayas's crimes to be "newly discovered evidence" for purposes of Rule 33(b)(1), Ms. Zayas fails to show that the evidence warrants a new trial. To be entitled to a new trial, Ms. Zayas must meet the *Sinclair* "probability standard" by showing:

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by [her] own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*Sinclair*, 109 F.3d at 1531 (quotation omitted). The Court finds Ms. Zayas cannot demonstrate the third or fourth factors.

**1.    Ms. Zayas plans to use the evidence to impeach Peter Zayas's credibility.**

Ms. Zayas argues that Peter Zayas's crimes and convictions "would have affected the way the jury evaluated his testimony." (Doc. 517 at 3.) She asserts that Peter Zayas "is a monster, and" the nature of his crimes means "it is almost certain that he possessed that same depravity at the time of the offenses charged in the indictment and that he certainly possessed it at the time of his testimony . . . ." (*Id.* at 3–4.) The Government asserts that Ms. Zayas's argument on this point evinces her intent to use Peter Zayas's crimes to undermine his credibility. (*See* Doc. 520 at 6.)

Ms. Zayas does little to refute the Government's claim. (*See* Doc. 526.) She explains that, given Peter Zayas's prior confessions to harming Jane Doe #1, it was important that the jury believe his recantation of those confessions. (*Id.* at 4.) "[T]he jury had the choice[,]" Ms. Zayas argues, "of blaming Peter Zayas or Sophia Zayas (or both)" for causing harm to their daughter. (*Id.*) She contends that Peter Zayas's recantation and "pronouncement that he was setting his children's welfare above all else . . . was a lie when he testified[,] . . . and now we all know it was a lie." (*Id.*)

Ms. Zayas makes clear that she would use the evidence of Peter Zayas's post-trial crimes to call into question the truthfulness of his testimony. "Under *Sinclair*, a court cannot grant a new trial on the discovery of new impeachment evidence." *United States v. Baca*, 447 F. Supp. 3d 1149, 1202 (D.N.M. 2020), *aff'd sub nom. United States v. Cordova*, 25 F.4th 817 (10th Cir. 2022) (quoting *United States v. Rodella*, No. CR 14-2783 JB, 2015 WL 711931, at *33 (D.N.M. Feb. 2, 2015)); *see also Sinclair*, 109 F.3d at 1531. Ms. Zayas asserts that "the evidence of Peter Zayas'[s] crimes cannot be considered merely 'impeaching.'" (Doc. 526 at 4.) Yet, the value of this evidence rests in how it would discredit Peter Zayas' s testimony. "Discrediting a witness'[s] veracity . . . is the definition of impeachment." *Baca*, 447 F. Supp. 3d at 1208 (citing *United States v. DeLeon*, 428 F. Supp. 3d 841, 1168 n.157 (D.N.M. Oct. 29, 2019); Definition of Impeach, Black Law's Dictionary (11th ed. 2019) (defining impeach as "[t]o discredit the veracity of (a witness")). The Court finds that Ms. Zayas fails to show that she would use evidence of these crimes and convictions to do more than impeach Peter Zayas's credibility.

> **2.      Peter Zayas's post-trial crimes and convictions are not material to the issues in Ms. Zayas's trial.**

To meet *Sinclair*'s fourth prong, Ms. Zayas must show that Peter Zayas's post-trial crimes and convictions were "material to the principal issues involved" in her trial. *See Sinclair*, 109 F.3d

at 1531; *see also Baca*, 447 F. Supp. 3d at 1213. To decide whether "this factor is met, the Tenth Circuit considers the third and fifth factors—whether the evidence is merely impeaching and whether the evidence would probably have caused an acquittal." *Baca*, 447 F. Supp. 3d at 1213–14. "If evidence is impeachment material or if it would not have probably caused a different result, then it generally is not material to a principal issue." *Id.* (citing *United States v. Shayesteh*, 161 F.3d 19, at *6 (10th Cir. Oct. 6, 1998) ("noting that, because evidence would not have caused a different result, it was not material to a principal issue"); *United States v. Quintanilla*, 193 F.3d 1139, 1148 (10th Cir. 1999) ("noting that new evidence was not material to a principal issue when it was merely impeachment evidence)").

Here, the Government argues that the evidence is not material, as it only serves to discredit Peter Zayas's testimony. (Doc. 520 at 6.) Ms. Zayas does not specifically respond or explain how this evidence is material to the issues at her trial. (*See* Docs. 517; 526.) Nor could she. At issue in Ms. Zayas's trial was the question of the physical abuse of an infant. Peter Zayas's crimes involve the sexual abuse and exploitation of a teenager. Evidence of Peter Zayas's crimes would not prove that Ms. Zayas did not physically abuse Jane Doe #1. *See United States v. Williams*, No. CR 98-98 LH (BB), 1999 WL 35809352, at *3 (D.N.M. July 9, 1999), *aff'd sub nom. United States v. Combs*, 267 F.3d 1167 (10th Cir. 2001) (finding that evidence a witness "smoked marijuana in the weeks before trial" went only to her credibility and "her involvement in the drug dealing[,]" it "would not prove [the d]efendants were not involved in trafficking narcotics"). Rather, the evidence would be used only to impeach Peter Zayas's testimony. Evidence that only goes to credibility is not "material to the issues involved . . . ." *See United States v. Lee*, 700 F.2d 424, 427 (10th Cir. 1983) (affirming denial of motion for new trial and finding no error in district court's finding that newly discovered evidence was not material "because it only went to credibility"); *see*

*also United States v. Acy*, No. 3:21-CR-0070-B, 2022 WL 1082357, at *5 (N.D. Tex. Apr. 11, 2022), *aff'd*, 2023 WL 5316545 (5th Cir. Aug. 14, 2023)[3] (finding "evidence is not material if its only evidentiary purpose is to impeach trial testimony[,] . . . even when the new evidence is relevant to a key witness's credibility or shows that the witness may have lied extensively on the witness stand") (quotation marks omitted) (quoting *United States v. McClaren*, 13 F.4th 386, 416–17 (5th Cir. 2021)). Evidence relevant to Peter Zayas's testimony would be cumulative, as he admitted under oath that he had previously lied. *See, e.g.*, *Sinclair*, 109 F.3d at 1531 (affirming district court's denial of motion for new trial where the newly discovered evidence was "merely impeaching and thus cumulative" because it "call[ed] into question the already doubtful credibility of the testimony" of "an admitted perjurer").

Because Ms. Zayas fails to show that evidence of Peter Zayas's post-trial crimes and convictions is relevant to anything more than his credibility and is not material to the issues involved in her trial, she does not meet the *Sinclair* standard. The Court will deny her motion for a new trial based on the evidence of Peter Zayas's post-trial misconduct.[4]

## III.   The Court grants in part the motion to compel discovery.

Ms. Zayas argues that the letters exchanged between Peter Zayas and Jane Doe #2 before and during Ms. Zayas's trial may demonstrate that Peter Zayas had "criminal plans" to sexually abuse Jane Doe #2 upon his release. (*See* Doc. 526 at 1.) She thus requests an order compelling the Government to provide her with any communications in its possession. (*See* Doc. 522 at 1.) She goes a step further and seeks "any other evidence, which could be in his prison records, an

---

[3] The *Acy* court analyzed a motion for new trial using the same standard outlined in *Sinclair*. *See Acy*, 2022 WL 1082357, at *3–4.

[4] For the same reasons, the Court will deny Ms. Zayas's motion to compel to the extent she seeks discovery of any post-testimony communications or discovery. (*See* Doc. 522 at 2.)

interview or elsewhere, of *any* criminal conduct he engaged in, prior to his testimony or afterwards." (*Id.* at 4 (emphasis added).) For the reasons discussed below, the Court will grant in part the motion to compel and will require the Government to provide any communications between Peter Zayas and Jane Doe #2 dated before or during the trial.

### A.    Relevant Legal Standards

District courts are "not required to hold an evidentiary hearing before resolving a motion for a new trial, particularly when the record is complete or the petitioner raised only legal claims that can be resolved without the taking of additional evidence." *United States v. Velarde*, 485 F.3d 553, 559 (10th Cir. 2007) (quotation marks and citations omitted). "[B]ecause [t]he purpose of an evidentiary hearing is to resolve conflicting evidence[,]" the Court should conduct an evidentiary hearing "only if the admissible evidence presented by petitioner, if accepted as true, would warrant relief as a matter of law." *Id.* at 559–60 (quotation marks and citation omitted).

In rare cases, the Court may allow a defendant to conduct discovery where she "is unable to submit evidence . . . sufficient to warrant an evidentiary hearing" but "is able to make a showing that further investigation under the court's subpoena power very likely would lead to the discovery of such evidence." *See id.* at 560. Where a defendant offers "specific allegations" sufficient to demonstrate that she would be entitled to a new trial if the facts were fully developed, then "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry" into those facts. *Id.* (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)) (subsequent citations omitted). "In fulfilling this duty, a district court has broad discretion to fashion discovery mechanisms suitable to the case before it." *Id.*

To obtain discovery under Federal Rule of Criminal Procedure 16(a)(1)(E), a defendant "must make a prima facie showing of materiality . . . ." *United States v. Boutte*, No. 1:17-CR-3338-

11

JMC, 2019 WL 2357008, at *1 (D.N.M. June 4, 2019) (quoting *United States v. Lujan*, 530 F. Supp. 2d 1224, 1234 (D.N.M. 2008)). A defendant may not rely on "a general description of the information sought or conclusory allegations of materiality[;]" rather, she "must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* (quoting *Lujan*, 530 F. Supp. 2d at 1234). "Ordering production by the government of discovery without any preliminary showing of materiality is inconsistent with Rule 16." *Id.* (citing *Lujan*, 530 F. Supp. 2d at 1234).

**B.      Ms. Zayas fails to demonstrate that the discovery she seeks of "any" criminal conduct is relevant to her trial.**

To begin, Ms. Zayas broadly requests "any . . . evidence, which could be in [Peter Zayas's] prison records, an interview or elsewhere, of *any* criminal conduct he engaged in, prior to his testimony or afterwards." (Doc. 522 at 4 (emphasis added).) The Government asserts that this request amounts to a "fishing expedition." (Doc. 529 at 3–4.) The Court agrees. In requesting evidence of "any criminal conduct[,]" Ms. Zayas fails to describe how such evidence would be material to this matter. *See, e.g.*, *Boutte*, 2019 WL 2357008, at *1.[5] As she offers no authority to support a finding that she is entitled to such a broad swathe of discovery in this context, the Court will deny the motion to the extent it generally seeks discovery of "any criminal conduct."

**C.      Ms. Zayas has not offered authority to establish that the Court can order disclosure from the U.S. Attorney's Office in the Southern District of Florida.**

With respect to the more narrowly tailored discovery request—communications between Peter Zayas and Jane Doe #2 dated before and during Ms. Zayas's trial—the Government asserts that Ms. Zayas "takes an impermissibly 'monolithic' view of the Government" by arguing "that information in the possession of the United States Attorney's Office for the Southern District of

---

[5] Although Ms. Zayas does not base her motion for discovery on Rule 16 (*see, e.g.*, Doc. 529 at 3 n.1), the authority relevant to Rule 16 provides helpful guidance.

Florida or the Federal Bureau of Prisons should be held to be 'in the control of the United States.'"
(Doc. 529 at 1.) Ms. Zayas does not respond to this point.[6] (*See* Doc. 530.)

A prosecutor is not required "to obtain evidence from agencies that are not part of the
prosecution team." *Boutte*, 2019 WL 2357008, at *2 (citing *Smith v. Sec'y of N.M. Dep't of Corr.*,
50 F.3d 801, 824 (10th Cir. 1995)). Under Federal Rule of Criminal Procedure 16(a)(1)(E), the
Government must give a defendant "access to documents and objects 'within the government's
possession, custody, or control' where '(i) the item is material to preparing the defense; (ii) the
government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from
or belongs to the defendant.'" *Id.* (quoting Fed. R. Crim. P. 16(a)(1)(E)). Although the Tenth
Circuit has not "defined 'the government' for purposes of Rule 16[,]" other courts "interpret it to
include only the prosecution team." *Id.* (citing *United States v. Poindexter*, 727 F. Supp. 1470,
1477 (D.D.C. 1989) ("Rule 16(a)(1)[ (E) ], requires only the production of documents in the hands
of the prosecutor, any investigative unit under the prosecutor's control, and any other federal
agency allied with the prosecution or involved in the prosecution of criminal litigation."); *United
States v. Volpe*, 42 F. Supp. 2d 204, 221 (E.D.N.Y. 1999) ("Courts have construed the term
'government' in this rule narrowly to mean the prosecutors in the particular case or the
governmental agencies jointly involved in the prosecution of the defendant, and not the
'government' in general."); *United States v. Chalmers*, 410 F. Supp. 2d 278, 289 (S.D.N.Y. 2006)
("[T]he Court is not persuaded that the 'government' for purposes of Rule 16 should be any broader
than the 'prosecution team' standard that has been adopted in the *Brady* line of cases."); *United
States v. Weiss*, No. 05-CR-179-B, 2006 WL 1752373, *7 (D. Colo. June 21, 2006) (considering

---

[6] Ms. Zayas argues instead that the Tenth Circuit, in *Velarde*, allowed discovery of impeachment evidence in the
context of a motion for new trial on the basis of a *Brady* violation. (*See* Doc. 530 at 2.) *Velarde* is not on point,
however, as the evidence was allegedly in the possession of a government investigator involved in the case in the
district in which Velarde was tried. *See Velarde*, 485 F.3d at 559.

a defendant's request for documents from a non-party executive agency and concluding that no duty to disclose existed under Brady or Rule 16)).

The Government argues, pursuant to this line of authority, that it has no control over the evidence Ms. Zayas seeks from the U.S. Attorney's Office in the Southern District of Florida. (Doc. 529 at 1–2, 4.) Still, counsel for the Government conferred with the U.S. Attorney's Office for the Southern District of Florida and "inquired as to whether that prosecution team possessed communications between Peter Zayas and Jane Doe #2 prior to or during [Ms. Zayas's] trial." (*Id.* at 5.) "The Southern District of Florida prosecution team represented that it does not possess communications between Peter Zayas and Jane Doe #2 prior to or during [the] trial."[7] (*Id.*)

As some time has passed since counsel made this inquiry, the Court will direct counsel for the Government to communicate with the U.S. Attorney's Office for the Southern District of Florida again to inquire whether any evidence of communications between Peter Zayas and Jane Doe #2 dated prior to or during Ms. Zayas's trial has come to light. If there is any evidence of this nature, the Court will direct the Government to turn the evidence over to counsel for Ms. Zayas, subject to a protective order as is necessary.

**THEREFORE,**

**IT IS ORDERED** that Ms. Zayas's Motion for New Trial (Doc. 517) is **DENIED in part** with respect to evidence of Peter Zayas's conduct or crimes that occurred after Ms. Zayas's trial;

---

[7] Counsel also asked about "post-trial communications between Peter Zayas and Jane Doe #2 regarding the subject matter of Peter Zayas'[s] testimony." (Doc. 529 at 5.) At the time of the Government's response brief, the "New Mexico FBI [was] . . . obtaining and reviewing post-trial communications . . . to determine whether any of those communications involve the subject matter of Peter Zayas'[s] testimony." (*Id.*) The Government stated that it would either disclose such communications to defense counsel or seek *in camera* review if the FBI found any. (*See id.*)

**IT IS FURTHER ORDERED** that the Court will **RESERVE RULING** on the remainder of the Motion for New Trial, as it relates to communications between Peter Zayas and Jane Doe #2 dated prior to or during Ms. Zayas's trial;

**IT IS FURTHER ORDERED** that Ms. Zayas's Motion to Compel Discovery (Doc. 522) is **GRANTED in part** as follows: no later than **14 days** from entry of this Memorandum Opinion and Order, the Government shall communicate with the U.S. Attorney's Office for the Southern District of Florida to inquire about whether it has uncovered communications between Peter Zayas and Jane Doe #2 dated prior to or during Ms. Zayas's trial. If such evidence exists, the Government shall share the evidence with counsel for Ms. Zayas, subject to any protective order, as necessary.

**IT IS FURTHER ORDERED** that the Government shall, no later than **30 days** after entry of this Memorandum Opinion and Order, file a status report to update the Court on the proceedings.

**IT IS FURTHER ORDERED** that the remainder of the Motion to Compel Discovery (Doc. 522) is **DENIED**.

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE